IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>　　　GGC, LLC,<br>-----------------------------------------------------------------<br><br>GGC, LLC,<br>　　　　　Plaintiff,<br><br>　-vs-<br><br><br>INDUSTRIAL RISK INSURERS, WESTPORT<br>INSURANCE CORPORATION, GE INSURANCE<br>SOLUTIONS, as successor to Industrial Risk<br>Insurers, and AON RISK SERVICES, INC., of<br>Pennsylvania,<br><br>　　　　　Defendants. | ) CHAPTER 11<br>)<br>) Bkcy. No. 05-21071 MBM<br>) Adv.  No. 06-02381 MBM<br>)<br>)<br>)<br>)<br>)<br>  Civil Action No.  06-881<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

_____Pending is a Motion to Withdraw the Reference filed by Defendants, Industrial Risk Insurers, Westport Insurance Corporation, and GE Insurance Solutions, named as successor to Industrial Risk Insurers (collectively referred to as "IRI Defendants"). (Docket No. 1).  Plaintiff, GGC, LLC has filed a Brief in Opposition to the same.  (Docket No. 4).  The issue is now ripe for review.

In February of 2005, certain of Plaintiff's creditors filed an Involuntary Petition in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 05-21071, against Plaintiff under Chapter 7 of the Bankruptcy Code.  *See,* On March

14, 2005, the Bankruptcy Court issued an order converting the case from Chapter 7

to Chapter 11.  On April 25, 2006, Plaintiff initiated an adversary proceeding, at No.

06-2381, to assert claims[1] against various insurers arising out of a storm that occurred

on September 17, 2004.   On June 30, 2006, IRI Defendants filed the Motion for

Withdrawal of Reference in the bankruptcy court.  The Motion was filed in this Court

on July 5, 2006.  (Docket No. 1).

      IRI Defendants' Motion  to Withdraw the Reference of Adversary Proceeding

is made pursuant to 28 U.S.C. §157(d).  (Docket No. 1, p. 1).  Section 157(d) provides:

> [t]he district court may withdraw, in whole or in part, any
> case or proceeding referred under this section, on its own
> motion or own timely motion of a party, for cause
> shown...

28 U.S.C. §157(d).   Normally, I would deny the motion as premature so that the

bankruptcy court could determine, in the first instance, whether the proceeding

should be characterized as a core or a non-core proceeding.  28 U.S.C. §157(b)(3).  It

is not necessary to do that in this case, however.   IRI Defendants contend that

"cause" exists, in part, because Plaintiff conceded in its Complaint that the action is

a non-core proceeding and that Plaintiff does not consent to the entry of final

orders for judgments by the bankruptcy court.[2]  According to Plaintiff's Complaint,

---

[1] The claims of the complaint include breach of contract, bad faith, fraud and misrepresentation, negligence, and violations of the unfair trade practices and consumer protection law.  (Docket No. 1-2).

[2] Simply because "a jury trial might be held at some point in the future does not warrant immediate withdrawal of the reference during the pre-trial stages of the case.  It is appropriate, efficient, and logical that withdrawal of the reference in such circumstances can be deferred until the case is trial ready."  *In re American Capital Equip., LLC,* 325 B.R. 372, 378 (W.D. Pa. 2005), *citing In re Northwestern Institute of Psychiatry, Inc.,* 268 B.R. 79, 84 (Bky. E.D. Pa. 2001).

this is a true statement.  *See,* Docket No. 1-2, ¶3.   Thus, it appears to be undisputed that the adversary proceeding is properly characterized as a non-core proceeding. Therefore, I need not send the case back to the bankruptcy court to make a determination on whether the proceeding is a non-core proceeding, as such an exercise would be futile.

Noting that this is a non-core issue, I will continue with the analysis of whether to withdraw the reference.  In determining whether "cause" exists to withdraw the reference, a district court should consider the following factors:

1. Promoting uniformity of bankruptcy administration;
2. Reducing forum shopping and confusion;
3. Fostering economical use of debtor/creditor resources;
4. Expediting the bankruptcy process; and
5. The timing of the request for withdrawal.

*In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir. 1990).  IRI Defendants argue that because this is a non-core proceeding and Plaintiff does not consent to a final determination of the issues by the bankruptcy court, the five factor *Pruitt* test "weighs dramatically in favor of the Insurers."  Docket No. 1-4, p. 5.  I disagree with IRI Defendants.

With regard to the first factor, I agree with Plaintiff that the uniformity of the bankruptcy administration will be furthered by remaining in bankruptcy court, even though this is a non-core  proceeding.  The underlying bankruptcy has been with the bankruptcy judge since February 1, 2005.  As of September 25, 2006, there were no less than 646 docket entries in the underlying bankruptcy.  Consequently, the bankruptcy judge has an intimate knowledge of the case, the parties, and the

insurance coverage at issue in this case.  Furthermore, I disagree with IRI Defendants that claims in the adversary action are "too remote."  (Docket No. 1, p. 5).  To the contrary, the insurance proceeds are  potentially the largest asset of the estate.  Thus, I find that the first factor weighs in favor of leaving the case with the bankruptcy court.

The remaining factors similarly counsel against withdrawing the reference.  Involving this Court in the proceeding could only serve to confuse the matter.  Allowing the bankruptcy court, who is most familiar with the case, the parties, and the issues, to keep the case until it is trial ready, is plainly in the interest of the debtor and IRI Defendants since it will be proceeding before the same judge that is handling the underlying bankruptcy case, up until trial. *See, In re Formica Corp.,* 305 B.R. 147 (S.D. N.Y. 2004).

Furthermore, there is a fully briefed Motion to Dismiss pending in the adversary proceeding.  Since the bankruptcy judge is familiar with the parties and the issues, it stands to reason that permitting him to rule on the motion would expedite the case.  For this same reason, pretrial management of the case will be handled most efficiently by the bankruptcy court.

Finally, as IRI Defendants admit, the adversary proceeding is at the earliest stage.  (Docket No. 1, p. 6).  Contrary to IRI Defendants' theory, however, I find this weighs in favor of not withdrawing the reference.  Dispositive motions, one of which is currently pending, may resolve the matter. "Courts have...recognized that it serves the interests of judicial economy and efficiency to keep an action in

Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial." *In re Enron Corp.,* 295 B.R., 21, 28 (S.D.N.Y. 2003), *citing In re Kenai Corp.,* 136 B.R. 59, 61 (S.D.N.Y. 1992); *In re Enron Power Marketing,* 318 B.R. 273 (S.D.N.Y 2004).  Moreover, if the case is amenable to settlement, the bankruptcy judge would be better suited to advance that possibility.  Thus, I find this fact weighs against withdrawing the reference.

I agree with my esteemed college, Judge Lancaster, when he stated that "[i]t is appropriate, efficient, and logical that withdrawal of the reference...can be deferred until the case is trial ready." *American Capital Equip., LLC, et al. v. Skinner Engine Co., et al.,* 325 B.R. 372, 378 (W.D. Pa. 2005), *citing In re Northwestern Institute of Psychiatry, Inc.,* 268 B.R. 79, 84 (Bky. E.D. Pa. 2001).  Accordingly, I find that the Motion to Withdraw is not warranted until the case is trial-ready.

* * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| GGC, LLC, | ) |
| --------------------------------------------------------------------- | )  Bkcy. No. 05-21071 MBM |
| | )  Adv.  No. 06-02381 MBM |
| GGC, LLC, | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | Civil Action No.  06-881 |
| INDUSTRIAL RISK INSURERS, WESTPORT | ) |
| INSURANCE CORPORATION, GE INSURANCE | ) |
| SOLUTIONS, as successor to Industrial Risk | ) |
| Insurers, and AON RISK SERVICES, INC., of | ) |
| Pennsylvania, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

**ORDER OF COURT**

   **AND NOW,** this **26**th day of September, 2006, after careful consideration of the

submissions of the parties and for the reasons set forth in the Opinion accompanying this

Order,  it is ordered hat the Motion to Withdraw the Reference (Docket No.  1) is denied,

without prejudice.  IRI Defendants are not precluded from refiling the Motion when, and if,

the case becomes trial ready.  This case be marked "CLOSED"  forthwith.

BY THE COURT:

/S/   Donetta W. Ambrose

   Donetta W. Ambrose,
   Chief U. S. District Judge

PC  HON. M. BRUCE MCCULLOUGH, CJ